```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

ATA-CIF, LLC,

        Plaintiff,

v.                              Case No. 8:11-cv-603-T-33EAJ

IECUBED, LLC,

        Defendant.

_____/

### ORDER

This cause is before the Court pursuant to ATA-CIF, LLC's Motion to Dismiss Count II of the Counterclaim (Doc. # 8), which was filed on November 1, 2011. IECUBED, LLC filed a Response in Opposition to the Motion on November 10, 2011. (Doc. # 11). For the reasons that follow, the Motion to Dismiss is granted.

### I. Background

ATA-CIF, as the assignee of non-party Crimson Aero Holdings Corp., entered into an asset purchase agreement with IECUBED in which IECUBED sold Crimson a post-secondary-education school located in Largo, Florida. (Doc. # 1 at ¶¶ 1-4). After the sale closed, and upon taking control of the school, "ATA-CIF discovered that IECUBED had mismanaged the [s]chool and inflated the number of enrolled students." Id. at ¶ 2. On March 22, 2011, ATA-CIF filed a Complaint against IECUBED containing the following counts: (1) declaratory

judgment; (2) indemnification; and (3) breach of contract.

IECUBED filed its Answer, Affirmative Defenses, and breach of contract and unjust enrichment Counterclaim against ATA-CIF on September 15, 2011. (Doc. # 5). Neither party questions the existence or validity of the Asset Purchase Agreement. ATA-CIF seeks an order dismissing the unjust enrichment Counterclaim because the parties' relationship is governed by an express agreement. This Court agrees.

## II. **Legal Standard**

A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. <u>Whitney Info. Network, Inc. v. Gagnon</u>, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005). On a motion to dismiss, this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the counter-claimant. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the counter-claimant with all reasonable inferences from the allegations in the counterclaim. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the counterclaim] and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [counter-claimant's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. Analysis

ATA-CIF seeks dismissal of the unjust enrichment Counterclaim because "a claim for unjust enrichment cannot survive if an express contract exists." (Doc. # 8 at 3). The Court agrees that IECUBED may not pursue both breach of contract and unjust enrichment counterclaims under the circumstances of this case. As explained in Williams v. Wells Fargo Bank, No. 11-21233, 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011), "Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an

3

express contract exists concerning the same subject matter." Id. at *6 (internal citations and quotation marks omitted); See also Validsa, Inc. v. PDVSA Servs., 424 F. App'x 862, 873 (11th Cir. 2001)(affirming district court's dismissal of counterclaim for unjust enrichment due to the existence of an express contract).

A party may "plead in the alternative for relief under an express contract and for unjust enrichment" but only when "one of the parties asserts that the contract governing the dispute is invalid." Williams, 2011 WL 4901346, at *6.  Here, the parties do not dispute the existence of an express contract governing their transaction and, accordingly, the equitable remedy of unjust enrichment is not available.  The Court therefore dismisses the unjust enrichment Counterclaim as a matter of law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

ATA-CIF's Motion to Dismiss Count II of the Counterclaim (Doc. # 8) is **GRANTED**. IECUBED's unjust enrichment Counterclaim is dismissed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of December, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record